**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4909**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JIMMY RAY CROFT,

                    Defendant - Appellant.


Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:07-cr-00116-HMH-1)


Submitted: July 29, 2011          Decided: August 11, 2011


Before WILKINSON, MOTZ, and WYNN, Circuit Judges.


Vacated and remanded by unpublished per curiam opinion.


William W. Watkins, Sr., WILLIAM W. WATKINS, P.A., Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Without the benefit of a written plea agreement, Jimmy Ray Croft pled guilty to using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Croft was sentenced to eighty-four months' imprisonment, which was a twenty-four-month upward variance from his sixty-month sentencing range. See 18 U.S.C. § 924(c)(1)(A)(i); U.S. Sentencing Guidelines Manual § 2K2.4(b) (2009). Croft timely appealed.

On appeal, Croft argues the district court committed procedural error in failing to individually assess his case in light of the 18 U.S.C. § 3553(a) (2006) sentencing factors and in failing to provide a reasoned explanation for the upward variance. For the reasons that follow, we agree. Accordingly, we vacate Croft's sentence and remand this case to the district court for resentencing.

In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference 18 U.S.C. § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345

2

(4th Cir. 2006). At the same time, however, the district court "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). Moreover, the district court must state the individualized reasons that justify a sentence. Rita v. United States, 551 U.S. 338, 356–57 (2007). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

In United States v. Carter, we held that, while the individualized assessment of each defendant "need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and be adequate to permit meaningful appellate review." 564 F.3d 325, 330 (4th Cir. 2009) (internal quotations omitted). Thus, a recitation of the § 3553(a) factors and purposes is insufficient. Likewise, a conclusory statement that a specific sentence is the proper one does not satisfy the district court's responsibilities. See Carter, 564 F.3d at 328–29. In addition, we cannot presume that the district court adopted the arguments of one of the parties while imposing sentence; an appellate court may not guess at the district court's reasoning. Id. at 329-30.

Here, the court correctly stated Croft's Guidelines range[1] and discussed three aspects of Croft's case germane to the § 3553(a) sentencing factors: (1) that Croft's inconsistent employment history reflected that he supported himself as a drug dealer; (2) that it could not identify any non-drug-related purpose for carrying a loaded .357 Magnum; and (3) that contemporaneous with his possession of the firearm, Croft possessed 210.87 grams of crack cocaine. These matters were clearly relevant to the nature and circumstances of the offense, Croft's history and characteristics, and the need for the sentence to reflect the seriousness of the offense and to provide just punishment for the offense. See 18 U.S.C. § 3553(a)(1), (a)(2)(A). However, in identifying the drug quantity seized from Croft, the court misstated the facts of the case, as it is undisputed that Croft possessed 10.87 grams of crack cocaine, not 210.87 grams.[2]

We first hold the district court's analysis of the § 3553(a) factors is tainted by the court's undisputed misstatement as to the quantity of crack cocaine found on Croft.

---

[1] We note that the court granted Croft's motion for reconsideration of the sentence imposed at his first sentencing hearing. At the second sentencing hearing, the court correctly stated Croft's advisory Guidelines range.

[2] The parties agree that this was an error by the district court. (See Appellant's Br. at 9; Appellee's Br. at 12 n.3).

Removing this erroneously stated fact from the mix, we cannot conclude that the district court's explanation for the upward variance was individualized and reasoned. The two other facts identified by the district court — Croft's contemporaneous possession of a loaded firearm, a quantity of drugs, and several hundred dollars in cash and lack of regular employment — cannot be said to distinguish this case from the average § 924(c) conviction. Thus, we are constrained to accept Croft's contention that the district court's decision to vary upward was improperly influenced by its erroneous statement of the quantity of drugs found on Croft.

We therefore conclude the court's justification for the variance sentence is insufficient as it does not reflect a reasoned basis for the conclusion that a Guidelines sentence did not satisfy the statutory sentencing factors. See Rita, 551 U.S. at 356 (explaining that the district court must articulate sufficient justification for its sentencing decision "to satisfy the appellate court that [the district court] has . . . a reasoned basis for exercising [its] own legal decisionmaking authority"); see also United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (citing Rita for the same). Furthermore, Croft preserved his claim for appellate review by requesting a sentence below the one he received. Accordingly, our review of

the issue is for harmless error rather than plain error.  See Boulware, 604 F.3d at 838.

"To avoid reversal for non-constitutional, non-structural errors like [the one presented here], the party defending the ruling below (here, the Government) bears the burden of demonstrating that the error was harmless, i.e. that it did not have a substantial and injurious effect or influence on the result."  United States v. Lynn, 592 F.3d 572, 585 (4th Cir. 2010) (internal quotation marks omitted).  The Government maintains that any error here was harmless because the court could have identified several other § 3553(a) factors that would have supported the variance sentence.  The Government further asserts that, given Croft's lack of education and his substance abuse problems, "[a] longer period of incarceration would provide Croft with more opportunities for educational or vocational training as well as medical care and other correctional treatment."  (Appellee's Br. at 14).  Finally, the Government claims that remanding this case to the district court would waste judicial resources given that the court twice sentenced Croft to eighty-four months in prison.

Because "the extent of harm caused by [the] procedural sentencing error [is] not immediately clear," we cannot conclude that the error in this case was harmless.  Lynn, 592 F.3d at 585.  Although the Government aptly identifies facts relevant to

6

other § 3553(a) factors that the court could have cited to support the upward variance, the court did not state that any of those facts influenced its sentencing decision. Thus, we hold the Government has not satisfied its burden of demonstrating harmlessness.

Based on the foregoing, we vacate Croft's sentence and remand this case to the district court.[3] We indicate no view as to the appropriate sentence to be imposed on Croft, leaving that determination to the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[3] Because Croft did not challenge his conviction on appeal, we have not considered any issues relevant to his conviction.